IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     CRIMINAL ACTION
                            :
       v.                 :
                            :
STEVEN ALLEN SCHWARTZ     :     NO. 04-231

MEMORANDUM

Bartle, J.                          January 19, 2012

         Petitioner Steven Allen Schwartz ("Schwartz") was
convicted by a jury on November 18, 2004 of two counts of bank
fraud in violation of 18 U.S.C. § 1344 and seven counts of wire
fraud in violation of 18 U.S.C. § 1343. He was sentenced to
eighteen months' imprisonment and a term of supervised release of
five years on May 18, 2005. His conviction and sentence were
affirmed on appeal. See United States v. Schwartz, No. 05-2770
(3d Cir. Mar. 4, 2009). He then filed a petition for habeas
corpus under 28 U.S.C. § 2255.[1] Before the court is the motion
of Schwartz "for production of certain filings exhibits and
transcripts" to aid him in preparation of his reply to the
government's opposition to his petition.

---

1. While Schwartz has already served his eighteen-month
sentence, he is currently serving a consecutive 225 months'
imprisonment for a separate conviction. See United States v.
Schwartz, No. 03-35 (E.D. Pa. July 26, 2005). The Supreme Court
has instructed that a defendant serving consecutive sentences
remains "in custody" until all are served and may attack the
earlier conviction even if that particular sentence has already
expired. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

Schwartz's § 2255 petition contains a myriad of claims.  Schwartz asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution because his counsel failed to interview witnesses and conduct proper investigation.  He also asserts that counsel improperly coerced him to forgo his right to testify at trial, failed to object to jury instructions, and failed to file certain motions.  Schwartz further alleges that the government engaged in outrageous misconduct throughout this action and improperly used the immunized testimony of Schwartz against him.

The Supreme Court has stated that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).  However, Rule 6 of the Federal Rules Governing § 2255 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery."  A petitioner must provide specific factual allegations from which the court may determine whether good cause exists to grant the motion for discovery.  Mayberry v. Petsock, 821 F.2d 179, 185–86 (3d Cir. 1987).  To that end, "bald assertions and conclusory allegations" are insufficient.  Id. at 185.  A petitioner is entitled to copies of transcripts at public expense if he or she: (1) qualifies to proceed in forma pauperis; and (2) the transcripts are necessary to decide the § 2255 petition.  28 U.S.C. § 753(f).

Schwartz first seeks the transcript of a hearing on the motion of Mark E. Cedrone, Esquire to withdraw as his counsel. Cedrone moved to withdraw at Schwartz's request.  The motion was granted, and Schwartz was represented by Mark S. Greenberg, Esquire at trial.  Schwartz does not explain how a transcript of this hearing might aid him in seeking the relief he requests. Accordingly, we decline to provide him with a transcript of this hearing.

Schwartz also seeks the transcript of a hearing on the motion of the government to admit evidence at his trial of his prior convictions under Rule 404(b) of the Federal Rules of Evidence.  This court denied the government's motion.  Because no Rule 404(b) evidence was introduced at trial, this transcript cannot be of any help to Schwartz.

Additionally, he requests a transcript of a telephone conference held on October 27, 2004 and a transcript of the charge conference.  These conferences were not recorded and therefore no transcripts can be produced.

In his motion for production, Schwartz seeks copies of all trial exhibits.  At trial, his bank and credit card records were introduced as proof of the fraud.  Schwartz has not explained what the bank records would show and how they might be relevant and helpful to him.  Nonetheless, copies of the government's exhibits are in the court file and are not voluminous.  His motion for trial exhibits will be granted.

Schwartz also moves for the production of copies of several motions that he filed with the court:  (1) his pro se motion to dismiss the indictment with exhibits; (2) his request for general instructions and general information on voir dire; and (3) his response to the motion of the government to consolidate.  Like his request for trial exhibits, Schwartz has not come forward with any specific allegations to show that good cause exists for production of these filings.  These documents, which are in the possession of the court and are not voluminous, will be provided.  We therefore will grant his motion with respect to these three filings.[2]

In summary, the government has already provided Schwartz with a transcript of the trial and the entire appendix filed on appeal, which totals more than 1000 pages.  This is sufficient information from which Schwartz can file a reply to the government's response.  We find that Schwartz has not adequately explained why good cause exists to order the government to provide him with the other transcripts he has requested.

Accordingly, the pending motion will be granted in part and denied in part.

---

2.  Schwartz also seeks "Mr. Cedrone's submission to USMJ Wells in support of bail."  A document fitting this description does not appear on the docket in this action.  Accordingly, we will deny Schwartz's motion with respect to this request.